IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ADRIANA VILLALOBOS, ROBERTO SALINAS, and NINFA SANCHEZ on behalf of themselves and other similarly situated persons, known and unknown, | ) ) ) ) ) | |
| Plaintiff, | ) ) | Case No. |
| v. | ) ) | Judge |
| ZAPATISTA'S RESTAURANT LLC., and WILLIAM BOLTON | ) ) ) | Magistrate Judge |
| Defendant. | ) | |

## COMPLAINT

Plaintiffs Adriana Villalobos, Roberto Salinas, and Ninfa Sanchez (hereafter "Plaintiffs") on behalf of themselves and all other similarly situated employees, known and unknown, through their attorneys, for their Complaint against Defendants Zapatista's Restaurant, LLC., (hereafter "Zapatista's") and William Bolton (hereafter "Bolton") (collectively "Defendants") state as follows:

### I.  NATURE OF THE CASE

1.  This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*. ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL") and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.* ("IWPCA") for Defendant's: 1) failure to pay Plaintiffs at least the federally and Illinois-mandated minimum wages for all time worked in violation of the FLSA and the IMWL; 2) failure to pay overtime wages to Plaintiffs in violation of the FLSA and the IMWL; and 3) failure to compensate Plaintiffs for all time worked at the rate agreed to by the Parties. Defendants' unlawful compensation practices have had the effect of denying Plaintiffs and other similarly situated employees their earned and

living wages. For the claims arising under the FLSA, Plaintiffs bring this suit as a collective action pursuant to Section 216(b) of the FLSA, 29 U.S.C. §216(b). Plaintiffs consent to represent is attached hereto as Exhibit A.

## II.     JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. §1331, arising under 29 U.S.C. §216(b).  This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.  Venue is proper in this judicial district as the facts and events giving rise to Plaintiffs' claims occurred within this judicial district.

## III.     PARTIES

**Plaintiffs**

3. During the course of their employment, each Plaintiff:
   a. handled goods that moved in interstate commerce;
   b. Was an "employee" of Defendants as that term is defined by the FLSA, the IMWL and the IWPCA;
   c. Has resided in and been domiciled in the state of Illinois and within this judicial district.

**Defendant**

4. Within the relevant time period, Defendant Zapatista's:
   a. Has been a corporation organized under the laws of the State of Illinois and has been located in and conducted business within this judicial district;
   b. Has been an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. §203(r)(1), and is an enterprise engaged in commerce, or in the

        production of goods for commerce, within the meaning of Section 3(s)(1)(A);

    c. Has had two or more employees that have handled goods that have moved in interstate commerce;

    d. Has been Plaintiffs' "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d), the IMWL, 820 ILCS 105/3(c) *et seq*.

5. During the relevant time period, Defendant William Bolton:

    a. Has been a principal officer of Defendant Zapatista's;

    b. Among other things, has had the authority to hire and fire, to direct and supervise the work of Plaintiffs, to authorize payment of wages to Plaintiffs, to sign on the company's checking accounts, including any payroll accounts, and to participate in decisions regarding the operation of the business and employment policies and practices;

    c. Was Plaintiffs' "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d) and IMWL, 820 ILCS 105/3(c), and 820 ILCS 115/2; and

    d. Resides in this judicial district.

## FACTUAL BACKGROUND

6. Within the three years prior to the filing of this lawsuit, Plaintiffs were employed by Defendant to work at Defendant's restaurant formerly located at 307 S. Wabash Ave.

7. Plaintiffs Villalobos and Salinas worked as waiting staff for Defendants while Plaintiff Sanchez worked as a cook for Defendants.

8. Within the three years prior to the filing of this lawsuit, Defendants regularly suffered or permitted Plaintiffs to work but Defendants failed to pay Plaintiffs for all compensable time. For example:

      a) Defendants regularly misrepresented Plaintiffs' actual hours worked.

9. Defendants' failure to compensate Plaintiffs for all compensable work time resulted in the Plaintiffs being paid less than the federal and Illinois minimum wage rates for all time worked.

10. Defendants' failure to compensate Plaintiffs for all compensable work time resulted in Plaintiffs not being paid for all time worked in excess of forty (40) hours per individual work week at time and a half Plaintiffs' regular rate of pay.

11. Additionally, Defendants also failed to compensate Plaintiffs and similarly situated employees all of their final wages at the rate agreed to by the Parties when Defendants closed their restaurant and Plaintiffs' and similarly situated employees' employment with Defendants ended resulting in further minimum wage violations.

## CLASS ACTION ALLEGATIONS

12. Plaintiffs will seek to certify as class actions pursuant to FRCP Rule 23 their state law claims arising under the IMWL for minimum wages (Count II), for overtime wages (count IV), and for unpaid wages (Count V). Plaintiffs will ask the Court to determine the rights of the parties pursuant to those statutes and to direct Defendant to account for all hours worked and wages paid to the class members during the temporality of the class.

13. Counts II, IV, and V are brought pursuant to Fed. R. Civ. P. 23(a) and (b) because:

      a. The class is so numerous that joinder of all members is impracticable. While the precise number of class members has not been determined at this time, Plaintiffs are informed and believe that Defendants have employed in excess of sixty (60) individuals as employees during the IMWL and IWPCA, Class Periods.

    b.    There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members. These common questions of fact and law include, without limitation:

        i.    Whether Defendants failed to pay Plaintiffs and the Class overtime wages for all time worked over forty (40) hours in individual work weeks during the IMWL Class Period;

        ii.    Whether Defendants failed to pay Plaintiffs and the Class minimum wages for all time worked during individual work weeks; and

        iii.    Whether Defendants failed to pay Plaintiffs and the Class for all of their final wages at the rate agreed to by the Parties

    c.    The class representatives and the members of the class have been equally affected by Defendants' failure to pay overtime wages, minimum wages, and all wages at the rate agreed to by the Parties.

    d.    The class representatives, class members, and Defendants have a commonality of interest in the subject matter and remedies sought and the class representative is able to fairly and adequately represent the interest of the classes. If individual actions were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions creating hardship on the class members, Defendants, and the Court.

14.    Therefore, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit.

## COUNT I
**Violation of the Fair Labor Standards Act- Minimum Wages**
*Section 216(b) Collective Action*

15. Plaintiffs incorporate and re-allege paragraphs 1 through 14 of this Complaint, as though set forth herein.

16. The matters set forth in this Count arise from Defendants' violation of the minimum wage provisions of the FLSA.

17. Defendants suffered and permitted Plaintiffs to work, and Plaintiffs did in fact perform work for Defendants, but did not compensate them at least at the federal minimum wage rate for all time worked.

18. Defendants likewise suffered and permitted other similarly situated employees to work who did, in fact, perform work for Defendants but did not compensate them at least at the federal minimum wage rate for all time worked.

19. Plaintiffs and other similarly situated employees were not exempt from the minimum wage provisions of the FLSA and were entitled to be compensated at least at the federal minimum wage rate.

20. Defendants violated the FLSA by failing to compensate Plaintiffs and other similarly situated employees at least at the federal minimum wage rate for all time worked.

21. Plaintiffs are entitled to recover unpaid overtime wages for up to three (3) years prior to Plaintiffs filing this lawsuit because Defendants' violation was willful.

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

A. That the Court determine that this action may be maintained as a collective action pursuant to Section 216(b) of the FLSA;

B. A judgment in the amount of unpaid minimum wages;

C. Liquidated damages in the amount equal to the unpaid minimum wages;

D. That the Court declare that Defendants have violated the FLSA;

E. That the Court enjoin Defendants from violating the FLSA;

F. Reasonable attorneys' fees and costs of this action as provided by the FLSA; and Such other and further relief as this Court deems appropriate and just

## COUNT II
## Violation of the Illinois Minimum Wage Law- Minimum Wages
*Plaintiffs on behalf of themselves and similarly situated employees*

22.     Plaintiffs incorporate and re-allege paragraphs 1 through 21 of this Complaint, as though set forth herein.

23.     The matters set forth in this Count arise from Defendants' violation of the minimum wage provisions of the IMWL. Plaintiffs bring this action pursuant to 820 ILCS 105/12(a).

24.     Defendants suffered and permitted Plaintiffs to work, and Plaintiffs did in fact perform work for Defendants, but were not compensated at least at the Illinois-mandated minimum wages for all time worked.

25.     Defendants likewise suffered and permitted other similarly situated employees to work who did, in fact, perform work for Defendants but did not compensate them at least at the Illinois minimum wage rate for all time worked.

26.     Pursuant to 820 ILCS 105/4, Plaintiffs and similarly situated employees were entitled to be compensated the Illinois-mandated minimum wages for all time worked.

27.     Defendants violated the IMWL by failing to compensate Plaintiffs and similarly situated employees at least the Illinois-mandated minimum wage rate for all time worked.

28.     Pursuant to 820 ILCS 105/12(a), Plaintiffs and members of the class are entitled to recover unpaid wages for three (3) years prior to the filing of this suit.

29.     The Class that Plaintiffs seek to represent in regard to the minimum wage claim arising under the IMWL is composed of and defined as all persons who have been employed by Defendants since October 27, 2013 up through and including the date of filing of this lawsuit.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A. That the Court determines that this action may be maintained as a class action pursuant to Fed. R. Civ. P. Rule 23(a) and (b);

B. A judgment in the amount of all unpaid minimum wage as provided by the IMWL;

C. Statutory damages pursuant to the formula set forth in 820 ILCS 105/12(a);

D. That the Court declare that Defendants have violated the IMWL;

E. That the Court enjoin Defendants from violating the IMWL;

F. Reasonable attorneys' fees and costs of this action as provided by the IMWL, 820 ILCS 105/1 *et seq.*;

G. Such other and further relief as this Court deems appropriate and just.

## COUNT III
### Violation of the Fair Labor Standards Act- Overtime Wages
*Section 216(b) Collective Action*

30. Plaintiffs incorporate and re-allege paragraphs 1 through 29 of this Complaint, as though set forth herein.

31. The matters set forth in this Count arise from Defendants' violation of the overtime provisions of the FLSA.

32. Defendants suffered or permitted Plaintiffs to work, and Plaintiffs did in fact work, in excess of forty (40) hours in individual work weeks during their employment with Defendants.

33. Defendants likewise suffered or permitted other similarly situated employees to work who did, in fact, perform work for Defendants in excess of forty (40) hours in individual work weeks but did not compensate them at time and a half their regular rate for all time worked.

34. Plaintiffs and other similarly situated employees were not exempt from the overtime wage provisions of the FLSA and were entitled to be compensated at least at the federal minimum wage rate.

35. Defendants violated the FLSA by failing to compensate Plaintiffs and other similarly situated employees overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

36. Plaintiffs are entitled to recover unpaid overtime wages for up to three (3) years prior to Plaintiffs filing this lawsuit because Defendants' violation was willful.

WHEREFORE, Plaintiffs and the Class pray for a judgment against Defendants as follows:

A. That the Court determine that this action may be maintained as a collective action pursuant to Section 216(b) of the FLSA;

B. A judgment in the amount of unpaid overtime wages for all time worked by Plaintiffs and other similarly situated employees in excess of forty (40) hours in individual work weeks.

C. Liquidated damages in the amount equal to the unpaid overtime wages;

D. That the Court declare that Defendants has violated the FLSA;

E. That the Court enjoin Defendants from violating the FLSA;

F. Reasonable attorneys' fees and costs of this action as provided by the FLSA; and Such other and further relief as this Court deems appropriate and just

### COUNT IV
### Violation of the Illinois Minimum Wage Law- Overtime Wages
*Plaintiffs on behalf of themselves and similarly situated employees*

37. Plaintiffs incorporate and re-allege paragraphs 1 through 36 of this Complaint, as though set forth herein.

38. The matters set forth in this Count arise from Defendants' violation of the overtime wage provisions of the IMWL.

39. Defendants suffered or permitted Plaintiffs to work, and Plaintiffs did in fact work, in excess of forty (40) hours in individual work weeks during their employment with Defendants.

40. Defendants likewise suffered or permitted other similarly situated employees to work who did, in fact, perform work for Defendants in excess of forty (40) hours in individual work weeks but did not compensate them at time and a half their regular rate for all time worked

41. Plaintiffs and similarly situated employees were not exempt from the overtime wage provisions of the IMWL and were entitled to be compensated at time and a half their regular rate of pay for all time worked in excess of forty hours per week.

42. Defendants violated the IMWL by failing to compensate Plaintiffs and similarly situated employees for all time worked in excess of forty (40) hours in individual work weeks at time and a half Plaintiffs' regular rate of pay.

43. Pursuant to 820 ILCS 105/12(a), Plaintiffs and members of the class are entitled to recover unpaid wages for three (3) years prior to the filing of this suit.

44. The Class that Plaintiffs seek to represent in regard to the overtime wage claim arising under the IMWL is composed of and defined as all persons who have been employed by Defendants since October 27, 2013 up through and including the date of filing of this lawsuit.

WHEREFORE, Plaintiffs and the Class pray for a judgment against Defendants as follows:

A. That the Court determine that this action may be maintained as a class action pursuant to Fed. R. Civ. P. Rule 23(a) and (b);

B. A judgment in the amount of all overtime wages due to Plaintiffs and the Class as provided by the IMWL;

C. Statutory damages for Plaintiffs and the Class pursuant to the formula set forth in 820 ILCS 105/12(a);

D. That the Court declare that Defendants have violated the IMWL;

E. That the Court enjoin Defendants from violating the IMWL

F. Reasonable attorneys' fees and costs of this action as provided by the IMWL, 820 ILCS 105/1 *et seq.*; and such other and further relief as this Court deems appropriate and just.

## COUNT V
## Violation of the Illinois Wage Payment and Collection Act
*Plaintiffs on behalf of themselves and similarly situated employees*

Plaintiffs incorporate and re-allege paragraphs 1 through 45 of this Complaint, as though set forth herein.

46. This Count arises from Defendants' violation of the IWPCA for its failure to pay Plaintiffs and similarly situated employees earned wages for all time worked at the rate agreed to by the parties, described more fully in paragraphs 6-11, *supra*.

47. During the course of his employment, Plaintiffs and similarly situated employees had an agreement with Defendants to be compensated for all hours worked at the rate agreed to by the parties.

48. Defendants did not compensate Plaintiffs and similarly situated employees for all hours worked at the rate agreed to by the parties.

49. Plaintiffs and similarly situated employees were entitled to be paid for all time worked at the rate agreed to by the parties.

50. Defendants' failure to pay Plaintiffs and similarly situated employee for all time worked at the rate agreed to by the parties violated the IWPCA.

WHEREFORE, Plaintiffs and the Class pray for a judgment against Defendants as follows:

A. That the Court determine that this action may be maintained as a class action pursuant to Fed. R. Civ. P. Rule 23(a) and (b);

B. A judgment in the amount of all overtime wages due to Plaintiffs and the Class as provided by the IWPCA;

C. Statutory damages pursuant to the formula set forth in the IWPCA, 820 ILCS 115/14;

D. That the Court declare that Defendants violated the IWPCA;

E. That the Court enjoin Defendant from continuing to violate the IWPCA;

  F.  Reasonable attorneys' fees and costs as provided by the IWPCA;

  G.  Such other and further relief as this Court deems appropriate and just.

                Respectfully submitted,

Dated: October 27, 2016

                <u>s/Alvar Ayala</u>
                Alvar Ayala
                Christopher J. Williams
                Workers' Law Office, P.C.
                53 W. Jackson Blvd., Suite 701
                Chicago, Illinois 60604
                (312) 795-9121

                Plaintiffs' Attorneys